IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-04919 |
| HEALTHCARE SOLUTIONS INC. and PROSPERITY LIFE INSURANCE GROUP LLC, | Judge: Hon. Steven C. Seeger |
| Defendants. | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Prosperity Life Insurance Group LLC ("PLIG" or "Defendant") respectfully moves this Court to dismiss the putative class action complaint (Dkt. 1, "Complaint") filed by Plaintiff George Moore ("Plaintiff") in the above-caption matter, in its entirety, for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion, Defendant states as follows:

1. This case involves an alleged violation of the do-not-call ("DNC") provision of the federal Telephone Consumer Protection Act (the "TCPA"). Plaintiff's threadbare Complaint bases his claim solely on his alleged receipt of two calls on his "residential" phone line purportedly made by Healthcare Solutions Inc. ("HSI"). Plaintiff seeks to hold PLIG vicariously liable for the calls allegedly placed by HSI. These claims are unavailing and should be dismissed under Rule 12(b)(2) and 12(b)(6) for several reasons.

2.	The Court should dismiss the Complaint under Rule 12(b)(2) because the Court lacks personal jurisdiction over PLIG. PLIG is a Delaware limited liability company with its principal place of business in Virginia. It has no presence in Illinois, does not sell any goods or services in Illinois or anywhere else, and thus did not purposefully direct any suit-related activities toward Illinois. Additionally, Plaintiff fails to sufficiently allege PLIG had an agency relationship with HSI, who purportedly made the calls at issue. And because Plaintiff fails to plead agency/vicarious liability for personal jurisdiction purposes, his Complaint should also be dismissed for failure to state a vicarious TCPA liability claim under Rule 12(b)(6).

3.	The Court should also dismiss the Complaint under Rule 12(b)(6) because Plaintiff fails to plead sufficient facts to show that he (i) is a "residential telephone subscriber" who registered his own phone on the DNC registry, and (ii) received more than one "telephone solicitation" call "initiated" "by or on behalf of the same entity," as is required to allege a TCPA DNC claim.

4.	Defendant's Motion is supported by a memorandum of law, which is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for all the reasons stated above and in the accompanying memorandum of law in support, Defendant Prosperity Life Insurance Group LLC respectfully requests that the Court enter an order dismissing Plaintiff's claims against Defendant in this case in their entirety under Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 12(g), and granting all other relief the Court deems just and proper.

Dated: November 10, 2021　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　By:　/s/ *A. Paul Heeringa*

　　　　　　　　　　　　　　　　　　　　　　A. Paul Heeringa (IL ARDC #6288233)
　　　　　　　　　　　　　　　　　　　　　　MANATT, PHELPS & PHILLIPS, LLP
　　　　　　　　　　　　　　　　　　　　　　151 N. Franklin St., Suite 2600
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 529-6308
　　　　　　　　　　　　　　　　　　　　　　Email: pheeringa@manatt.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Prosperity Life*
　　　　　　　　　　　　　　　　　　　　　　*Insurance Group LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 10, 2021, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*
A. Paul Heeringa